UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY VAUGHN MASON, )
)
        Plaintiff, ) Case No. 1:15-cv-975
)
v. ) Honorable Phillip J. Green
)
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )
_____)

## **MEMORANDUM OPINION AND ORDER**

      This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On June 8, 2016, this Court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 18). On August 10, 2016, this Court entered a memorandum opinion and judgment denying plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 23, 24). Plaintiff obtained a subsequent award of benefits.

      This matter is now before this Court on plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), and motion to supplement. (ECF No. 25, 27).

Defendant has not filed a response. For the reasons stated herein, plaintiff's motion will be granted.

## Facts

Plaintiff received a Notice of Award indicating that he is owed past-due benefits. He received payment of $72,541.00 in past-due benefits. The Social Security Administration withheld a total of $18,135.25 to cover potential awards of attorney's fees. $6,000.00 of that was used to pay an authorized attorney fee. (ECF No. 25-1, PageID.634).

Plaintiff's attorney, James R. Rinck, spent a total of 32.45 hours representing plaintiff in this lawsuit. (ECF No. 25, PageID.631).

## Discussion

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach tribunal may award fees only for the work done before it." *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*). This court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits. "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due

benefits." *Gisbrecht*, 535 U.S. at 792. Section 406(b) "does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802. Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. at 808 (citations omitted).

Attorney Rinck asks for an award of $12.135.25 from the funds being withheld. (ECF No. 25, PageID.626). He did not receive an EAJA award. (ECF No.24). The attorney's request, in combination with the request for attorney's fees under 42 U.S.C. § 406(a), does not exceed statutory limits. An award in the amount sought would not result in a windfall and would fairly compensate the attorney for the work he performed in this matter. Accordingly,

**IT IS ORDERED** that plaintiff's motion for attorney's fees (ECF No. 25, 27) is **GRANTED**. The Court approves payment from plaintiff's award of past due benefits to Attorney Rinck in the amount of $12.135.25.

Dated: February 1, 2018                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge